FILED
04 APR -2 PM 1:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
APR 2 2004

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| DIRECTV, INC., | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) Civil Action No. CV-03-S-0964-NE ) |
| SHANNON HILL, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This action is before the court on defendant's amended motion to dismiss (doc. no. 15). Plaintiff alleges that defendant engaged in the unauthorized reception of satellite signals in violation of 47 U.S.C. § 605(a), unauthorized interception of electronic communications in violation of 18 U.S.C. § 2511(1), possession of pirate access devices in violation of 18 U.S.C. § 2512(1)(b), and conversion of property in violation of Alabama law. Defendant moves to dismiss the entire complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

### I. STANDARD OF REVIEW

To prevail on a motion to dismiss, defendant must show that "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984). When ruling upon a Rule 12(b)(6) motion, the court must accept all well-

pleaded facts as true, and construe them in the light most favorable to the non-moving party. *Id.*; *see also, e.g., Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983). Further, "[a] complaint may not be dismissed because the plaintiff's claims do not support the legal theory he relies upon since the court must determine if the allegations provide for relief on *any* possible theory." *Brooks*, 116 F.3d at 1369 (emphasis in original) (citation omitted).

Thus, the threshold requirements for a complaint to survive a Rule 12(b)(6) motion to dismiss are "exceedingly low." *Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). Such motions accordingly are "viewed with disfavor and rarely granted." *Brooks*, 116 F.3d at 1369 (citing *Madison v. Purdy*, 410 F.2d 99, 100 (5th Cir. 1969); *International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service*, 400 F.2d 465, 471 (5th Cir. 1968)).

## II. FACTS

Plaintiff, DirecTV, Inc., is a digital satellite entertainment service that delivers television programming to subscribers throughout the United States.[1] In order to receive and view plaintiff's satellite signal, each subscriber must be equipped with

---

[1] The facts are derived from the Complaint (doc. no. 1) which, as discussed in Part I *supra*, are deemed as true for purposes of considering this motion to dismiss.

digital system hardware, which consists of a satellite dish, an integrated receiver/decoder ("IRD"), and an "access card" that is necessary to operate the IRD. Plaintiff encrypts its satellite transmissions and employs conditional access technology to prevent non-subscribers from viewing its television programming. The conditional access technology relies in part on "access cards" that are provided to consumers as components of the digital satellite system equipment. Upon activation by plaintiff, the access cards decrypt plaintiff's programming and permit the consumer to access and view it. The software code contained in the "access cards" protects plaintiff's programming against unauthorized access.

During calendar year 2001, law enforcement officers, with the assistance of plaintiff's personnel, executed writs of seizure at a company that distributed devices primarily designed for the surreptitious interception of satellite communications broadcast by plaintiff. Plaintiff seized business records evidencing an enterprise designed to mail and ship pirate access devices ("PADs") to circumvent plaintiff's encryption protection system and thereby allow non-DirecTV subscribers to view DirecTV programming. After seizing these business records, plaintiff sued various individuals, including the defendant in the present case, who allegedly purchased such PADs.

Plaintiff's complaint presents four separate counts. Count One alleges that

defendant violated 47 U.S.C. § 605(a). Count Two alleges that defendant violated 18 U.S.C. § 2511(1). Count Three alleges that defendant violated 18 U.S.C. § 2512(1)(b). Count Four alleges that defendant committed the tort of conversion of property. Defendant filed a motion to dismiss the entire complaint. The efficacy of each count to withstand defendant's motion is discussed below.

### III. ANALYSIS

A. **Count One: Unauthorized Reception of Satellite Signals in Violation of 47 U.S.C. § 605(a)**

47 U.S.C. § 605(a) of the Federal Communications Act of 1934 ("FCA"), provides, in pertinent part:

(a) Practices prohibited

Except as authorized by chapter 119, Title 18, no person *receiving, assisting in receiving*, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio *shall divulge or publish the existence, contents, substance, purport, effect, or meaning thereof, except through authorized channels of transmission or reception*, (1) to any person other than the addressee, his agent, or attorney, (2) to a person employed or authorized to forward such communication to its destination, (3) to proper accounting or distributing officers of the various communicating centers over which the communication may be passed, (4) to the master of a ship under whom he is serving, (5) in response to a subpoena issued by a court of competent jurisdiction, or (6) on demand of other lawful authority. *No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such*

4

> *communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. No person having received any intercepted radio communication* or having become acquainted with the contents, substance, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto. This section shall not apply to the receiving, divulging, publishing, or utilizing the contents of any radio communication which is transmitted by any station for the use of the general public, which relates to ships, aircraft, vehicles, or persons in distress, or which is transmitted by an amateur radio station operator or by a citizens band radio operator.

47 U.S.C. § 605(a) (emphasis supplied).

Section 605(e)(3) further provides that: "Any person aggrieved by any violation of subsection (a) of this section or paragraph (4) of this subsection may bring a civil action in a United States district court or in any other court of competent jurisdiction." 47 U.S.C. § 605(e)(3)(A).

Defendant argues that plaintiff has failed to prove that he *actually* received, assisted in receiving, or intercepted electronic transmissions without proper authorization.[2] Defendant also swears in an affidavit accompanying his amended motion to dismiss that he never received any unauthorized signal from plaintiff.[3]

Defendant's argument would be more appropriate for a motion for summary

---

[2] *See* Amended Motion to Dismiss, at 3 (doc. no. 15).
[3] *See id.* at Exhibit A.

judgment under Federal Rule of Civil Procedure 56. Because the court presently is considering defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), it must accept all well-pleaded facts as true, and construe them in the light most favorable to plaintiff, the non-moving party. *Hishon,* 467 U.S. at 73, 104 S. Ct. at 2232; *Brooks,* 116 F.3d at 1369. Plaintiff alleges in its complaint that defendant used pirate access devices to "receive[] and assist[] others in receiving DIRECTV's satellite transmissions of television programming without authorization."[4] The court finds this allegation sufficient to state a civil claim under § 605(e)(3)(A) for a violation of § 605(a). Accordingly, the motion to dismiss Count One of the complaint is due to be denied.

**B.    Count Two: Unauthorized Interception of Electronic Communications in Violation of 18 U.S.C. § 2511(1)**

Defendant moves to dismiss Count Two, arguing that there is no private right of action pursuant to 18 U.S.C. § 2511(1)(a), which reads as follows:

> (1) Except as otherwise specifically provided in this chapter[,] any person who —
>
>> (a) intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication . . .
>
> shall be punished as provided in subsection (4) or shall be subject to suit as provided in subsection (5).

---

[4] Complaint, ¶ 26 (doc. no. 1).

18 U.S.C. § 2511(1)(a). Subsection (5) of the same statute also provides that:

If the communication is —

>(A) a private satellite video communication that is not scrambled or encrypted and the conduct in violation of this chapter is the private viewing of that communication and is not for a tortious or illegal purpose or for purposes of direct or indirect commercial advantage or private commercial gain; or

>(B) a radio communication that is transmitted on frequencies allocated under subpart D of part 74 of the rules of the Federal Communications Commission that is not scrambled or encrypted and the conduct in violation of this chapter is not for a tortious or illegal purpose or for purposes of direct or indirect commercial advantage or private commercial gain,

then the person who engages in such conduct shall be subject to suit by the Federal Government in a court of competent jurisdiction.

18 U.S.C. § 2511(5)(a)(i).

According to defendant, the only part of the Wiretap Act, 18 U.S.C. §§ 2510 *et seq.*, that contains an express provision permitting a private cause of action for a violation of that Act is 18 U.S.C. § 2520, which provides:

>(a) In general.— Except as provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

18 U.S.C. § 2520(a). Thus, § 2520 explicitly provides a private right of action for any individual whose electronic communication is intercepted in violation of the Wiretap

Act. *See* 18 U.S.C. § 2520(a). Section 2511 specifically prohibits such interception of electronic communications. Plaintiff states a claim for violation of 18 U.S.C. § 2511.[5] Accordingly, defendant's motion to dismiss Count Two of the complaint is due to be denied.

C. **Count Three: Possession of Pirate Access Devices in Violation of 18 U.S.C. § 2512(1)(b)**

Whether plaintiff has a private cause of action under § 2512 is the closest question confronting the court in the motion to dismiss. Section 2512 provides, in pertinent part:

> (1) Except as otherwise specifically provided in this chapter, any person who intentionally —
>
> . . .
>
> (b) manufacturers, assembles, *possesses*, or sells any electronic, mechanical, or other device, *knowing or having reason to know* that the design of such device renders it *primarily useful* for the purpose of *surreptitious interception* of wire, oral, or electronic communications, and that such device or any component thereof has been or will be sent through the mail or transported in

---

[5]Defendant does not appear to challenge the notion that a private cause of action for a violation of § 2511 can exist via § 2520. Instead, defendant contends in his brief that "[n]owhere in Count[] II . . . of its complaint does DirecTV allege a cause of action under the auspices of § 2520(a)." Amended Motion to Dismiss, at 7 (doc. no. 15). The complaint alleges, however, that defendant's activities violated, *inter alia,* "the Electronic Communications Privacy Act [ ], 18 U.S.C. §§ 2510-2521". Complaint at ¶ 22 (doc. no. 1). The prayer for relief also invokes § 2520. *Id.* at 12-13. As complaints should be liberally construed, and as defendant cites no authority for the proposition that § 2520 must be invoked in the exact same paragraphs alleging a violation of § 2511, the court finds the complaint sufficient to invoke § 2520. *See DIRECTV, Inc. v. Barnes,* ___ F. Supp. ___, 2004 WL 302341 (W.D. Mich. 2004) (finding DirecTV stated a claim under § 2511 by invoking § 2520 in the prayer for relief).

8

> interstate or foreign commerce . . .

shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 2512(1)(b). Section 2512 criminalizes only the production, sale, or possession of devices whose primary purpose is to perform the interception.

Section 2512 is a criminal statute that, by itself, does not allow a private party to recover damages for behavior that violates its terms. Plaintiff, thus, relies upon 18 U.S.C. § 2520(a) to support a private cause of action. In particular, plaintiff argues that § 2520 provides a private cause of action for any "violation of this chapter" not specifically excluded. *See, e.g., Directv v. Legans*, 2004 WL 187323 (W.D. Tenn. 2004) (finding that a private cause of action under § 2512 exists because the only listed exemption from civil liability in §2520(a) is for those assisting law enforcement pursuant to § 2511(2)(a)(ii)). The language of § 2520 undermines plaintiff's argument, however. Once again, § 2520 provides in relevant part:

> (a) In general.— *Except as provided in section 2511(2)(a)(ii)* [pertaining to persons assisting law enforcement], any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used *in violation of this chapter* may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate.

18 U.S.C. § 2520(a) (emphasis added). By its express terms, § 2520 only applies when one's wire, oral or electronic communication is "intercepted, disclosed, or

9

intentionally used *in violation of this chapter*." 18 U.S.C. § 2520 (emphasis added). Stated differently, the private right of action attaches *only after* interception, disclosure or use in violation of the Wiretap Act — acts not encompassed within § 2512. *See DirecTV, Inc. v. Bertram*, 296 F. Supp. 2d 1021, 1024 (D. Minn. 2003), *DirecTV, Inc. v. Beecher*, 296 F. Supp 2d 937, 942-43 (S.D. Ind. 2003).

Thus, no private right of action exists for an alleged violation of § 2512. This result is in accordance with the only circuit court of appeals to address the issue. *See Flowers v. Tandy Corp.*, 773 F.2d 585 (4th Cir. 1985). In *Flowers*, the plaintiff brought an action against the defendant for selling a device used for intercepting wire communications. The plaintiff argued that defendant violated § 2512 and was civilly liable through § 2520. The Fourth Circuit rejected this argument, noting that the language in § 2520 "tracks very closely with criminal offenses set out in § 2511, whereas the criminal offense set out in § 2512 are defined in such terms as 'manufacture,' 'assemble,' 'possess,' and 'sell.'" *Flowers*, 773 F.2d at 589.[6]

---

[6] At the time of the *Flowers* decision, § 2520 read as follows:

> Any person whose wire or oral communication is intercepted, disclosed, or used in violation of this chapter shall [] have a civil cause of action against any person who intercepts, discloses, or uses or procures any other person to intercept, disclose, or use such communications . . . .

18 U.S.C. § 2520, *amended by* Pub. L. 99-508, Title I, § 103 (1986). A comparison of the former and current version of § 2520 leads the court to conclude that *Flowers* remains good law, in that the 1986 amendment did not expand the conduct subjecting individuals to civil liability. The language of § 2520(a) still limits those against whom a civil action may be maintained to those that intercept,

According to the Fourth Circuit, the express language of § 2520 was not susceptible to a "construction which would provide a cause of action against one who manufactures or sells a device in violation of § 2512 but does not engage in conduct violative of § 2511." *Id.*

The district courts are divided on this issue. Some agree that providers of satellite television transmissions can bring suit under § 2520 based on possession of unlawful devices in violation of § 2512(1)(b). *See, e.g., Directv, Inc. v. Drury*, 282 F. Supp. 2d 1321, 1323 (M.D. Fla. 2003); *DIRECTV, Inc. v. EQ Stuff, Inc.*, 207 F. Supp. 2d 1077, 1084 (C.D. Cal. 2002); *Oceanic Cablevision, Inc. v. M.D. Electronics*, 771 F. Supp. 1019, 1027 (D. Neb. 1991). Other courts conclude that § 2520 is limited to violations of § 2511(1)(a), relating to unlawful interceptions, and that it does not extend to claims of unlawful possession of devices covered by § 2512(1)(b). *See, e.g., DirectTV, Inc. v. Lorenzen*, ___ F. Supp. 2d ___, 2004 WL 286125 (N.D. Ohio 2004); *DirecTV, Inc. v. Bertram*, 296 F. Supp. 2d 1021, 1024 (D. Minn. 2003); *DirecTV, Inc. v. Beecher*, 296 F. Supp. 2d 937, 942-43 (S.D. Ind. 2003); *DIRECTV, Inc. v. Hosey*, 289 F. Supp. 2d 1259, 1263 (D. Kan. 2003); *DIRECTV, Inc. v. Cardona*, 275 F. Supp. 2d 1357, 1367 (M.D. Fla. 2003); *DIRECTV, Inc. v. Childers*, 274 F. Supp. 2d 1287, 1289 (M.D. Ala. 2003); *Directv, Inc. v. Amato*, 269 F. Supp.

---

disclose, or use electronic communications in violation of the Wiretap Act.

2d 688, 691 (E.D. Va. 2003); *Ages Group, L.P. v. Raytheon Aircraft Co.*, 22 F. Supp. 2d 1310, 1315 (M.D. Ala. 1998). This court concurs with the latter group of district courts that have addressed the same issue. Accordingly, defendant's motion to dismiss Count Three of the complaint is due to be granted.

**D.   Count Four: Conversion**

Plaintiff's conversion claim is governed by Alabama law. To establish a conversion claim in Alabama "a plaintiff must show a wrongful taking, an illegal assumption of ownership, an illegal use or misuse of another's property, or a wrongful detention or interference with another's property." *Birmingham-Jefferson County Transit Auth. v. Arvan,* 669 So. 2d 825, 828 (Ala. 1995). The Alabama Supreme Court has held that intangible property may be the subject of a conversion action. *National Surety Corp. v. Applied Systems, Inc.,* 418 So. 2d 847, 850 (Ala. 1982). Plaintiff argues that defendant's wrongful interception of its satellite transmissions constitutes conversion. Defendant argues (1) that plaintiff cannot prove that he actually received its satellite signal; (2) that the satellite transmissions are not the personal property of plaintiff and therefore are not subject to conversion; and (3) that the conversion claim is preempted by the Copyright Act.

Defendant's first argument is without merit. As stated above, to survive a motion to dismiss, plaintiff need not prove that defendant actually did commit the tort

12

of conversion. Rather, plaintiff must only plead a sufficient allegation proffering a reasonable inference that defendant converted its property to his own use. Plaintiff alleges in its complaint that "[b]y possessing and using pirate access devices, [defendant has] unlawfully converted to [his] own use and benefit property belonging to DIRECTV."[7] The court finds this allegation sufficient to state a claim for conversion.

With regard to the second argument, defendant asserts that plaintiff's satellite transmissions are analogous to radio frequency transmissions, which belong to the public and are not personal property. Defendant cites *McIntire v. Wm. Penn Broadcasting Co.*, 151 F.2d 597 (3d Cir. 1945), in support of his argument that radio transmissions belong to the public and are not personal property.[8] The *McIntire* court stated that "a radio broadcasting station must operate in the public interest and must be deemed to be a 'trustee' for the public." *Id.* at 599. *McIntire* does not speak to the issue of whether radio transmissions may be considered personal property for the

---

[7] Complaint, at ¶ 38 (doc. no. 1).

[8] Defendant also cites *WOKO, Inc. v. Federal Communications Commission*, 109 F.2d 665 (D.C. Cir. 1939). *WOKO* involves an appeal from a Federal Communications Commission ("FCC") decision. The appeal was taken pursuant to § 402(b)(2) of the Federal Communications Act. 47 U.S.C. § 402(b)(2). *Id.* at 666. The court had to determine what allegations are necessary to support an appeal within the terms of § 402(b)(2). *Id.* The court stated that an appeal must allege that the FCC decision was contrary to public interest, convenience, or necessity. *Id.* at 668. This holding has no relevance to the instant case.

purposes of a conversion action.[9]

In this court's view, plaintiff's satellite transmissions do not belong to the public. Plaintiff had a proprietary interest in the transmissions defendant allegedly intercepted. *See Quincy Cablesystems, Inc., v. Sully's Bar, Inc.,* 650 F. Supp. 838, 848 (D. Mass. 1986). Plaintiff had a right to "possession" of the satellite signals and to transmit them only to paying customers. Assuming the allegations in the complaint are true, defendant interfered with these rights. Therefore, based on Alabama Supreme Court precedent finding that claims for conversion may be based on intangible property, the court finds that plaintiff has sufficiently alleged a conversion claim under Alabama law to withstand a Rule 12(b)(6) attack. *See, e.g., National Surety Corp.,* 418 So. 2d at 850; *see also Quincy,* 650 F. Supp at 848 (holding that Massachusetts law permits recovery for conversion of satellite signals); *Don King Prod./Kingvision v. Lovato,* 911 F. Supp. 419, 423 (N.D. Cal. 1995) (holding that California law permits recovery for conversion of satellite signals).

Defendant also argues that the conversion claim is preempted by the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* Section 301 of the Copyright Act sets out a two-part test for determining federal preemption of state law. *See* 17 U.S.C. § 301(a);

---

[9] Even if *McIntire* did address the issue, defendant provides no support for his assertion that radio transmissions are analogous to plaintiff's satellite transmissions. Indeed, the two clearly are different. Radio transmissions are for the public's general consumption, while plaintiff's satellite transmissions are not.

14

*Crow v. Wainwright,* 720 F.2d 1224, 1225-26 (11th Cir. 1983). First, the state law must create rights that fall within the subject matter of copyright as defined by §§ 102 and 103 of the Copyright Act. *Crow,* 720 F.2d at 1225-26; *see* 17 U.S.C. § 301(a). Second, the state law must create rights that "are 'equivalent to' the exclusive rights of section 106 [of the Copyright Act]." *Crow,* 720 F.2d at 1226; *see* 17 U.S.C. § 301(a). The result of the second part of the test is "that the Act 'preempts only those state law rights that may be abridged by an act which, in and of itself, would infringe one of the exclusive rights provided by federal copyright law.'" *Foley v. Luster,* 249 F.3d 1281, 1285 (11th Cir. 2001) (quoting *Computer Assoc. Int'l, Inc. v. Atlai, Inc.,* 982 F.2d 693, 716 (2d Cir. 1992)). The rights set forth in § 106 are the rights of reproduction, performance, distribution, and display. 17 U.S.C. § 106.

Plaintiff only challenges the applicability of the latter part of the two-part test. Plaintiff argues that its conversion action is based only on interception of the satellite signal, which is qualitatively different than any of the rights set forth in § 106. The court finds that interception of the satellite transmissions, in and of itself, does not infringe on the rights of reproduction, performance, distribution, or display set forth in § 106. *See* 17 U.S.C. § 106. Therefore, the conversion claim is not preempted. Defendant's motion to dismiss Count Four of the complaint is due to be denied.

## IV. CONCLUSION

In light of the foregoing, defendant's motion to dismiss will be denied with respect to Counts One, Two, and Four of the complaint, but granted as to the claim asserted in Count Three. An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this **2nd** day of April, 2004.

_____
United States District Judge