UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| DIRECTV, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. CV-03-S-0964-NE |
| SHANNON HILL, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

The court ordered the parties to mediate their dispute by May 3, 2004.[1] Mediation did not occur before that date, because defendant declared his intent to file bankruptcy.[2] The court ordered defendant to inform the court of his bankruptcy case number, if a bankruptcy petition had been filed, by June 1, 2004.[3] Defendant did not comply. Accordingly, the court ordered the parties to proceed to mediation in accordance with its prior orders.[4] The court cautioned the parties that if mediation did not occur by July 1, 2004, sanctions would be imposed.[5]

Plaintiff informed the court on July 6, 2004 that mediation still had not occurred. Plaintiff stated that it had made repeated attempts to schedule the required

---

[1] *See* doc. no. 26.
[2] *See* doc. nos. 27, 28.
[3] *See* doc. no. 30.
[4] Doc. no. 26.
[5] *See* doc. no. 31.



mediation, but that defendant did not respond to any of its correspondence.[6]

It appeared from plaintiff's notice that plaintiff had attempted to comply with the court's orders regarding mediation, but that defendant had completely failed to cooperate. Accordingly, the court ordered plaintiff's counsel, defendant, and defendant's counsel to appear for a hearing in Huntsville, Alabama, at 9:30 o'clock a.m. on Tuesday, July 20, 2004, to show cause why sanctions should not be imposed for failure to comply with court orders. The court cautioned the parties that they would be relieved of their obligation to appear at the hearing only if one of the following occurred before the close of business on July 19, 2004: (1) the court was informed of defendant's bankruptcy case number; or (2) the court received a certification, signed by a representative of both parties, that mediation had been successfully completed. The court also cautioned the parties and their counsel that if they failed to appear at the hearing, they would be found in contempt of court.

A staff member from the office of defendant's counsel orally informed the court on Friday, July 16, 2004, that a statement of defendant's bankruptcy case number had been mailed earlier that day. However, the statement was not filed before the close of business on July 19, 2004. Despite defendant's complete failure to comply with the court's show cause order, plaintiff's counsel attempted to orally notify the court of

---

[6] *See* doc. no. 32 (Notice of Attempted Compliance With the Court's June 7, 2004 Mediation Order), and exhibits attached thereto.

2

defendant's bankruptcy case number. Thus, on the afternoon of Monday, July 19, 2004, the court notified plaintiff's counsel that he was not required to appear at the show cause hearing. Defendant and his counsel still were required to appear at the hearing, but failed to do so.

Accordingly, the court ordered defendant and his counsel to show cause no later than 4:30 o'clock p.m. on Wednesday, July 21, 2004, why sanctions, including monetary penalties and counsel's possible disbarment from federal court practice, should not be imposed for their utter failure to comply with the court's orders. The court cautioned defendant that if neither he nor his counsel filed a response to the show cause order, they both would immediately be found in contempt of court.[7]

Defendant filed a suggestion of bankruptcy on July 20, 2004, finally informing the court of his bankruptcy case number.[8] The suggestion of bankruptcy was dated June 16, 2004, and postmarked July 19, 2004. The court can only assume that the June 16, 2004 date on the suggestion of bankruptcy was a typographical error, and that the date should have been written *July* 16, 2004. The Notice of Bankruptcy Case Filing from the bankruptcy court, which was appended to defendant's suggestion of bankruptcy, stated that defendant's bankruptcy petition was filed by Frank Williams, Jr., defendant's attorney, on Wednesday, July 14, 2004.

---

[7] *See* doc. no. 35 (show cause order).
[8] Doc. no. 36.

3

Mr. Williams also filed a timely response to the court's most recent show cause order before the close of business on July 21, 2004.[9] Mr. Williams asserts that he and his staff worked diligently to comply with the court's orders and to prepare defendant's bankruptcy petition. He also asserts that he only became aware of defendant's bankruptcy case number at approximately 6:00 o'clock p.m. on Friday July 16, through the use of the internet-based Pacer system, and that he supplied the court with the number "the moment it was received."[10] Even so, Mr. Williams next admits that he did not mail the statement of the bankruptcy case number to the court until Monday, July 19. He also acknowledges that the number should have been hand-delivered to the court in order to satisfy the July 19 deadline, and claims that the failure to do so was simply "oversight and error."[11]

Mr. Williams "deeply and humbly" apologizes to the court and urges the court to forgive his misconduct because he "meant no disrespect."[12] Even Mr. Williams' attempts at contrition are disrespectful to the court. It is incomprehensible that Mr. Williams did not receive the bankruptcy case number until after business hours on Friday, July 16, 2004, when he filed the bankruptcy petition on his client's behalf on Wednesday, July 14, 2004. Further, Mr. Williams' staff informed the court that the

---

[9] Doc. no. 37.
[10] *Id.* at ¶ 5.
[11] *Id.* at ¶ 7.
[12] *Id.* at ¶ 8.

4

notice of defendant's bankruptcy case number had been mailed on Friday, July 16, but the notice clearly was not postmarked until Monday, July 19.

Finally, Mr. Williams' assertion that he supplied the court with the bankruptcy case number "the moment it was received" does not hold water. Even if Mr. Williams was not informed of the bankruptcy case number until Friday, July 16, he did not make any effort to inform the court until Monday, July 19. The court recognizes that Mr. Williams' ability to contact the court over the weekend would have been limited. Even so, Mr. Williams could have been far more diligent in his efforts to meet the court's deadline. He could have telephoned the judge's chambers in the hopes that someone would still be working at 6:00; he could have left a voice message on the answering system in the judge's chambers; he could have arranged for an after-hours filing with the Clerk of Court; or he could have hand-delivered the notice on Monday, July 19. Mr. Williams made no attempt to do any of the above things. Instead, although he had clearly been ordered to inform the court of his client's bankruptcy case number by the end of the business day on Monday, July 19, he did not mail the notice containing the number until that same day. No attorney could realistically expect a document mailed from a law office in Cullman, Alabama, to arrive *the same day* at the courthouse in Huntsville, Alabama.

Despite Mr. Williams' assertions to the contrary, the court concludes that he has

5

not exercised any diligence whatsoever in attempting to comply with his duties. The court's orders are not merely thoughtful suggestions to be followed or disregarded at a party's convenience. The repeated failure of defendant's counsel to comply with the court's orders, and to adequately explain the failure, is utterly disrespectful and will not be tolerated. As a penalty for his disrespect, and as a deterrence to future dilatory conduct, defendant's counsel, Frank Williams, Jr., will be required to pay a fine of one hundred fifty dollars ($150.00) into the registry of the court. Any further disrespect shown by Mr. Williams will result in his disbarment from practice in this federal court. An appropriate order will be entered contemporaneously herewith.

DONE this 27th day of July, 2004.

_____
United States District Judge